IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **MILTON E. DODD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:08-0128** |
| | ) | |
| **T.R. CRAIG, Warden,** | ) | |
| **FCI Beckley, West Virginia,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 25, 2008, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is improperly denying him placement in the Residential Drug Abuse Treatment Program [RDAP]. Specifically, Petitioner states as follows:

---

[1] On September 24, 1997, Petitioner pled guilty in the United States District Court for the Western District of North Carolina to one count of conspiring to distribute narcotics in violation of 21 U.S.C. § 846. *United States v. Dodd*, Case No. 3:97-cr-0116 (W.D.N.C. Oct. 27, 1998), Document No. 56. On October 27, 1998, the District Court sentenced Petitioner to a 168 month term of imprisonment, to be followed by a three year term of supervised release. *Id.*, Document No. 101. Petitioner did not appeal his conviction or sentence. On March 11, 2003, the United States filed a Motion for Downward Departure pursuant to Rule 35. *Id.*, Document No. 136. By Order entered on March 20, 2003, the District Court granted the motion and reduced Petitioner's sentence to a 130 month term of imprisonment. *Id.*, Document No. 137. Petitioner subsequently filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense. By Order entered on February 9, 2009, the District Court granted his request for a sentence reduction under 18 U.S.C. § 3582(c)(2) and reduced his sentence of imprisonment to "120 months." *Id.*, Document No. 157. The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on May 28, 2010.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> I plead guilty with the understanding that I would be interviewed for participation in the 500 hour Residential Drug Abuse Treatment Program offered by the Federal Bureau of Prisons, and with the promise that I would be given the opportunity to complete the program and receive up to one year sentence reduction pursuant to Title 18, U.S.C., Section 3621(e)(2)(B), once determination of said eligibility was determined by the Bureau. Whereof, on February 21, 2007, I was notified of the Bureau's determination that I was eligible to complete the program and receive up to one year sentence reduction under the controlling statute. (See Residential Drug Abuse Notice to Inmate dated 02-21-2007, copy attached hereto). However, the Director of the Federal Bureau of Prisons (BOP), does not implement this program uniformly through the Bureau by accommodating eligible convicted prisoners into the program within proximity to their release dates, Bureau wide; i.e. as required of the Director of the BOP under the plain language of the statute, and pursuant to the clear expressed intent of congress. 18 U.S.C., Section 3621(e)(2)(B). Rather, some eligible convicted prisoners are routinely accommodated into the program within proximity to their release dates, so as to afford them the opportunity to complete the 500 hour residential and the six month community transitional aftercare components of the program, prior to one year before their release dates. Whereas other eligible convicted prisoners are routinely designated to FCI Beckley, where everyone is categorically excluded from completing both components of the program within one year of their release dates. Thereby excluding all eligible convicted prisoners designated to FCI Beckley to complete the program from receiving an individualized determination for up to one year sentence reduction to which they are obviously entitled to under the plain language of the statute and the clear intent of Congress. Whereof, the court should grant habeas corpus remedy so as to secure Petitioner's "settled expectation" to early release, and so as to prohibit the custodian, T.R. Craig, Warden and/or the Director of the BOP, from retrospectively altering Petitioner's eligibility to receive up to one year sentence reduction pursuant to Title 18 U.S.C. Section 3621(e)(2)(B), in violation of the retroactivity doctrine. See Bowen v. Crabtree, 22 F.Supp.2d 1131 (D.Org. 2000), affirmed, 202 F.3d 1211 (9th Cir. 2000). Additionally, declare FCI Beckley unfit to host this program.[3]

---

[3] The undersigned notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

(Id., pp. 7 - 8.) In support of his Petition, Petitioner attaches as an Exhibit a copy of his "Residential Drug Abuse Program Notice to Inmate." (Id., pp. 11 - 12.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of

collateral consequences, and therefore, his Section 2241 Application must be dismissed.[4] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[4] Furthermore, Petitioner acknowledges that he failed to exhaust his administrative remedies. Specifically, Petitioner states that "[o]ther similarly situated convicted prisoners at FCI Beckley have exhausted all administrative remedies concerning these grounds, to no avail, and found them to be futile." (Document No. 1, p. 5.)

4

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 26, 2010.

R. Clarke VanDervort
United States Magistrate Judge